11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

                                                                              

Tammie Jo Sanders

Appellant

Vs.                   No.
11-03-00079-CR -- Appeal from Taylor County

State of Texas

Appellee

 

Pursuant to a plea bargain agreement, Tammie Jo
Sanders pleaded guilty to the offense of possession of less than one gram of
cocaine.  She also pleaded true to both
enhancement allegations.  The trial court
convicted appellant and assessed her punishment in accordance with the plea
bargain agreement at confinement for 20 years. 
We affirm.  

In her sole point of error, appellant contends
that the trial court erred in denying her pretrial motion to suppress because
the affidavit in support of the search warrant omitted relevant information
about the credibility of the confidential informant.  We note that the State asserts that appellant
failed to preserve this issue for review because it was not raised in the trial
court.  Although the issue was not
specifically raised in appellant=s
written motion to suppress, it was properly raised at the hearing on the motion
to suppress.  The reporter=s record shows that defense counsel
addressed the omissions and the lack of reliability when he urged the trial
court to grant appellant=s
motion to suppress.  Consequently, we
will address the merits of appellant=s
point of error.  








At the hearing on the motion to suppress, the
search warrant and the affidavit in support of that warrant were introduced
into evidence.  The affiant, Officer
Tommy Pope, also testified.  Officer Pope
testified that he relied on a confidential informant to obtain the search
warrant.  Officer Pope testified that the
confidential informant had been charged with a felony and was providing
information to the police in exchange for Asome
kind of a deal@ with the
police or the district attorney=s
office.  Officer Pope did not include
this information in his affidavit, but he agreed that that type of information
is important in determining credibility. 
Officer Pope testified that he did not believe it was necessary to
include such information in his affidavit. 
Officer Pope also testified that he had conducted surveillance of the
residence and had confirmed the confidential informant=s
presence at the residence within 48 hours of the application for the search
warrant.  

In his affidavit, Officer Pope stated that his
belief regarding the presence of cocaine at the residence was based upon the
following facts: 

That just prior to making this application for
this search warrant your affiant has received information from a confidential
informant whose identity must remain a secret for security reasons.  Your affiant knows this same confidential
informant to be credible, reliable, and trustworthy and this belief is based on
the following set out facts:

 

That this same confidential informant has
voluntarily admitted the informant=s
own prior abuse of drugs to your affiant, however, this informant no longer
condones the abuse of drugs.

 

That your affiant has know[n] this same
confidential informant for a period of at least 6 months and that this
informant has provided information to your affiant in the past that has always
proven true and correct.  

 

That this same confidential
informant has provided information to your affiant in the past that has led to
the arrest of at least 3 drug offenders. 

 

Appellant relies on Franks v. Delaware, 438
U.S. 154 (1978), in support of her point of error.  In Franks, the Supreme Court
determined that, when a defendant shows by a preponderance of the evidence that
an affirmative misrepresentation was knowingly or recklessly included in a
probable cause affidavit and was necessary to establish probable cause, the
warrant must be voided as invalid under the Fourth Amendment.  Franks v. Delaware, supra;
Janecka v. State, 937 S.W.2d 456, 462
(Tex.Cr.App.1996), cert. den=d,
522 U.S. 825 (1997); Massey v. State, 933 S.W.2d 141, 146
(Tex.Cr.App.1996).  Although some
federal courts have applied Franks to material omissions in an affidavit, the Texas Court of Criminal Appeals has not yet
determined whether to apply Franks to such omissions.  Massey v. State, supra at
145-46; Arnold v. State, 47 S.W.3d 757, 759 n.1 (Tex.App.
- Houston [14th Dist.] 2001, pet=n
ref=d); see Sherwood v. Mulvihill, 113 F.3d 396 (3rd Cir. 1997); United
States v. Martin, 615 F.2d 318, 328 (5th Cir. 1980).  








Like the court in Massey, we need not
determine whether Franks is applicable to omissions in a probable cause
affidavit.  In Massey, the
defendant contended that the following omissions violated Franks:   the omission of information showing that the
informants had criminal histories and the omission of information showing that
the informants were also possible suspects in the case.  Massey v. State, supra at
145.  The Massey court determined
that appellant failed to establish that the omissions were made intentionally
or with a reckless disregard for the accuracy of the affidavit because the
affidavit contained other information pointing out that the informants were not
outstanding citizens.  Massey v. State,
supra at 146.  

In the present case, Officer Pope admittedly
omitted information showing that the informant had a pending felony charge and
was providing information to the police because of that charge.  However, Officer Pope included information in
the affidavit showing that the informant was not an outstanding citizen and had
a history of drug abuse.  We hold that
appellant failed to show that the omissions were made in an attempt to mislead
the magistrate.

Moreover, even if Franks were applied to
the omissions in this case, the result would be the same.  If the omissions had been included in the
affidavit, the affidavit would still establish probable cause for appellant=s arrest.  See United States v. Martin, supra
at 328.  Appellant=s
point of error is overruled.  

The judgment of the trial court is affirmed.  

 

PER CURIAM

 

January 30, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b). 

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.