**Bruce Allen ARNOLD and Judy May Arnold, Appellants,**

v.

**The STATE of Texas, Appellee.**

Nos. 14–00–00627–CR, 14–00–00681–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 17, 2001.

William E. May, Corpus Christi, for appellants.

Renee Mueller, Caldwell, for appellees.

Panel consists of Justices YATES, WITTIG, and FROST.

### OPINION

WITTIG, Justice.

Appellants were arrested for manufacture of a controlled substance. After the

trial court denied their motion to suppress, they pled *nolo contendere.* The court assessed each appellant 25 years' confinement and gave permission to appeal. In this consolidated appeal, appellants contend the police obtained the search warrant by providing deceptive information in the supporting affidavit. We determine whether the court erred in denying the motion to suppress. We affirm.

## Background

On or about November 2, 1999, Texas DPS Sergeant Lewis Hodges, a narcotics investigator, received a tip from a confidential informant (CI) that appellants operated a methamphetamine lab in a remote location in Burleson County. On November 17, after conducting an investigation, Hodges swore out an affidavit in support of a request for a warrant to search the property. The affidavit stated, in part:

Affiant has obtained information from a[CI]. The CI has provided information in the past, which has proven to be true and correct. The CI has provided directions to said residence, a description of said residence, and a description of the curtilage around said residence that has been confirmed through independent investigation by Affiant. In the past seventy-two hours, the CI has provided information that resulted in the seizure of methamphetamine from said residence by the Affiant.

. . . .

The CI advised that the CI has witnessed the Arnolds selling marihuana at said residence. The CI advised that within the past fifteen days the CI witnessed the Arnolds manufacturing and distributing methamphetamine at said residence. The CI advised that most of the chemicals and equipment used to manufacture the methamphetamine are being stored in a dark green tent located

to the north and west of the said residence. The CI advised that the CI saw two shotguns and two rifles at said residence. The CI advised that the Arnolds have six guard dogs on the property.

A magistrate granted the warrant and it was executed the following day. The police found contraband and appellants were arrested and charged with manufacture of a controlled substance. Appellants moved to suppress the evidence obtained as a result of the search, contending, among other things, the officer inserted false statements in the supporting affidavit about (1) the manner in which he seized the contraband and (2) his knowledge of the CI's having provided true and correct information in the past. The court denied the motion and appellants bring this appeal of that ruling.

## Standard of Review

Appellants couch the hearing on the motion to suppress as a *Franks* hearing. *See Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). While it is not clear that the court agreed to hear the evidence under the auspices of *Franks,* we will review it as such. In *Franks,* the Supreme Court held that if a defendant established by a preponderance of the evidence that a falsehood made knowingly, intentionally, or with reckless disregard for the truth was included in a probable cause affidavit, and if it was material to establish probable cause, it must be excised from the affidavit. *See Janecka v. State,* 937 S.W.2d 456, 462 (Tex.Crim.App. 1996) (citing *Franks,* 438 U.S. at 156, 98 S.Ct. 2674). If the abridged affidavit is insufficient to establish probable cause, the warrant must be voided and its fruits excluded from evidence. *Id.* The *Franks* Court explained, however, that the requirement of a truthful showing of probable cause does not mean "truthful" in the

sense that every fact recited in the warrant affidavit is necessarily correct. Rather, it must be "truthful" in the sense that the information put forth is believed or appropriately accepted by the affiant as true. *Id.* (citing *Franks,* 438 U.S. at 164–65, 98 S.Ct. 2674).

■ This appeal is based in part on testimony and findings from a hearing with testimony of a live witness. Though we review issues of law *de novo,* the trial court, as the sole factfinder and judge of the witnesses' credibility and weight of the evidence, is owed great deference, and its ruling on such issues will be overruled only if outside the bounds of reasonable disagreement. *See Janecka,* 937 S.W.2d at 462.

### Discussion

■ In a single issue, appellants contend their Fourth Amendment right to be free of illegal searches and seizures was violated when contraband was seized under authority of a search warrant that had been illegally obtained from a magistrate by deception. Appellants do not clearly specify which statements they wish to have excised from Hodges' affidavit. However, it appears the challenged portions are (1) "[t]he CI has provided information in the past, which has proven to be true and correct," and (2) "[i]n the past seventy-two hours, the CI has provided information that resulted in the seizure of methamphetamine from said residence by the Affiant." For reasons stated below, we find that the first statement was not deceptive or material under *Franks.* We need not address the second statement because its inclusion in the affidavit is immaterial to the existence of probable cause.

Hodges was the only witness called at the hearing. Pertinent testimony regarding whether the CI had provided true and correct information in the past was as follows:

Q Now you indicate that the CI had previously been one that you'd received information in the past which had proven to be true and correct.

A Yes, sir.

. . . .

Q Had he been a confidential informant for you personally?

A Not for me.

Q Had he been a confidential informant for somebody else?

A Yes, sir.

Q Okay. So at least with respect to you when you say he gave you information in the past that had been proven true and correct, is that correct?

A Yes, sir, it is.

Q Okay. Was it in regards to narcotics trafficking?

A Yes, sir.

In his affidavit, Hodges stated the CI had given true and correct information in the past. Appellants do not raise a claim that the CI did not provide true and correct information to police in the past. Nor do they raise a claim that Hodges did not know this. Rather, it appears their complaint only goes to whether Hodges deceived the magistrate by omitting to whom the CI had related the past information.[1] Thus, in light of the manner in which the affidavit is couched and Hodges' testimony, the relevant issue is properly stated as whether Hodges misled the magistrate by failing to disclose that the CI had not

1. The Texas Court of Criminal Appeals has not yet determined whether omissions can be raised in a *Franks* analysis. *See Massey v. State,* 933 S.W.2d 141, 146 (Tex.Crim.App. 1996). We find no court of criminal appeals cases subsequent to *Massey* addressing this issue. Because we find that Hodges' omission was not misleading, we need not address it.

provided the true and correct information directly to him in the past. However, our review of caselaw following *Franks* indicates that the manner in which an officer receives information from a CI is not material as it pertains to probable cause. *See Janecka*, 937 S.W.2d at 463 (holding where the information attributed to the informant was essentially true, the information crucial to establishing probable cause was not affected); *see also United States v. Clutter*, 914 F.2d 775, 780 (6th Cir.1990) (holding that omission from affidavit of specific description of how information upon which warrant was obtained was not material; also holding that magistrate's possible misconception that officer who prepared affidavit and "confidential informant" were two different persons was not crucial to establishing probable cause for search); *United States v. Strini*, 658 F.2d 593, 597 (8th Cir.1981) (omission of confidential informant's name in affidavit is neither perjured testimony nor a *Franks* violation).

Additionally, the omission was not misleading. Hodges' assertion that the CI had given true and correct information in the past went unchallenged by appellants. Though Hodges should have been more precise in relating how he was aware of the CI's having provided past information, a common sense reading of the affidavit, especially in light of Hodges' testimony and the court's implied finding he was credible, does not indicate any intent to mislead the magistrate. *See Lane v. State*, 971 S.W.2d 748, 753 (Tex.App.—Dallas 1998, pet. ref'd) (we presume a magistrate

interprets an affidavit in a common sense and realistic manner); *see also Janecka*, 937 S.W.2d at 462 (trial court is sole fact-finder and judge of the witnesses' credibility and weight of the evidence).

We thus find that, with regard to this statement, appellants did not meet their burden in showing that any facts were omitted knowingly and intentionally or with reckless disregard for the truth, or that the facts were material to probable cause. *See Massey*, 933 S.W.2d at 146.

Appellants did not challenge the lengthy and detailed portion of the affidavit in which Hodges stated that the CI had told him he had observed the methamphetamine lab in operation, as well as numerous other details which the CI provided giving rise to or supporting the reasonable belief that an illegal drug operation was on the premises.[2] Because of this, even assuming *arguendo* that Hodges' statement that he, rather than the CI, "seized" the contraband was both misleading and material, and we were to strike that portion, the remainder of the affidavit clearly supports a showing of probable cause to issue the warrant.[3] Accordingly, we need not address this statement. *See* Tex.R.App. P. 47.1. Appellants' *Franks* challenge thus fails. We overrule this issue.

The judgment of the trial court is affirmed.

---

2. Further, the statement that the CI had been on the premises in the 15 days prior to making the affidavit is supported by Hodges' testimony that the CI was on the premises twice, the second time within 72 hours of the affidavit. We also note that appellants complain about alleged inconsistencies or falsehoods by Hodges over matters such as whether the CI or the police initially located the premises. These matters are not material to this issue of probable cause nor are they relevant to a

*Franks* analysis. *See Franks*, 438 U.S. at 164–65, 98 S.Ct. 2674.

3. At oral argument, appellant cited *Hass v. State*, 790 S.W.2d 609 (Tex.Crim.App.1990). *Hass* is distinguishable because, among other reasons, there were more than sufficient correctly stated facts in Hodges' affidavit to justify probable cause.