NO. 07-04-0050-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 25, 2005


______________________________



DION'S OF TEXAS, INC., 



 Appellant


v.



 SHAMROCK ECONOMIC DEVELOPMENT CORPORATION 


 and the CITY OF SHAMROCK , TEXAS, 


 Appellees



_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NO. 11,292; HON. STEVEN R. EMMERT, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Dion's of Texas, Inc. (Dion's) appeals from a final summary judgment denying it
recovery against the Shamrock Economic Development Corporation (the Corporation) and
the City of Shamrock (the City) but granting the Corporation recovery against it upon a
promissory note. The four issues before us involve whether the trial court granted the City
relief outside the scope of its summary judgment motion and whether the City and
Corporation established their right to summary judgment as a matter of law. We affirm the
summary judgment.

 Allegedly, the Corporation enticed Dion's to move its business from elsewhere in
Texas to Shamrock. It also promised to effectuate the move and provide loans, according
to Dion's. Because these promises were either breached or performed in a tortious
manner, Dion's sued both the Corporation and the City. The Corporation counterclaimed
to recover upon a promissory note executed by Dion's. Furthermore, both the City and
Corporation filed answers to the petition and moved for summary judgment. 

 The trial court initially announced its ruling upon the summary judgment motions by
letter. In that document, it mistakenly allowed the City to recover upon the note. But, a like
mistake was not made in the final summary judgment that it executed. Instead, it denied
Dion's recovery upon its claims and awarded the Corporation approximately $42,000 for
Dion's failure to pay the note. And, though the Corporation and City asserted multiple
grounds for relief in their respective motions, the trial court did not specify upon which
ground or grounds it relied when granting the summary judgments. 

 Issues One and Two

 Dion's first two issues involve the trial court's letter announcement of its proposed
ruling. Because it stated, in the letter, that the City (as opposed to the Corporation) was
to recover upon the promissory note and the City had not moved for relief upon the note,
the trial court purportedly granted the City more relief than that to which it was entitled, so
Dion's argues. We overrule the points.

 While it may be that the trial court initially informed the litigants that the City would
be granted damages arising from Dion's failure to pay the note, that was not the wording
incorporated into the final judgment. Via the latter, the trial court expressly awarded the
damages to the Corporation, not the City. More importantly, the letter itself cannot be
considered an order. That this is true is evinced by the trial court's statement therein telling
the attorneys for the Corporation and the City "to draft an appropriate order setting forth the
Court's ruling as to their respective motion" and "provide [the order] to the Court for
signature." Given that language, it is clear that the trial court did not intend for the letter to
constitute an order adjudicating the summary judgment motions; if the contrary were true,
then there would have been no need for it to tell the attorneys to prepare an order. See
Perdue v. Patten, 142 S.W.3d 596, 603 (Tex. App.-Austin 2004, no pet.) (holding that
though a letter purporting to grant a motion for new trial was filed with the clerk, it was not
an operative order since the court also informed counsel to prepare an order for its
signature). 

 In short, the language contained in the letter and the trial court's eventual entry of
judgment awarding the damages to the Corporation cause us to hold that the damages
were not granted to the City. Consequently, it cannot be said that the City received more
relief than that which it sought via its summary judgment motion.

 And, to the extent that Dion's also posits (in its second issue) that the judgment was
improper since the Corporation purportedly failed to establish "each element of its claim,"
we note the conclusory nature of the assertion. Nowhere does Dion's mention the
particular element or elements that the Corporation supposedly failed to prove. Nor does
it discuss how the Corporation's acting in a "proprietary function" and "receiving benefits"
somehow barred it from enforcing the promissory note. Similarly absent is any explanation,
accompanied by supporting legal authority and citation to the record, of how "force
majeure" or "illegal interference by" the Corporation relieved if from having to pay its debt. 


 While it may be that we must construe the rules of appellate procedure reasonably
and liberally, see Republic Underwriters Ins. Co. v. Mex-Tex, Inc., 150 S.W.3d 423, 427
(Tex. 2004), we are not obligated to contrive argument for any particular litigant. Jordan
v. Jefferson County, No. 07-03-0444-CV, 2004 Lexis 11212 (Tex. App.-Amarillo,
December 14, 2004, no pet.). So, given that Dion's failed to comply with its duty to support
its contentions with substantive analysis, citation to legal authority, and citation to the
record, Tex. R. App. P. 38.1(h) (imposing such a duty on an appellant), we conclude that
this portion of issue two was waived. See Sunnyside Feedyard L.C. v. Metropolitan Life
Ins. Co., 106 S.W.3d 169, 173 (Tex. App.-Amarillo 2003, no pet.) (holding that the failure
to properly brief an issue results in its waiver); Moser v. Davis, 79 S.W.3d 162, 169 (Tex.
App.-Amarillo 2002, no pet.) (holding that the failure to properly brief an issue results in its
waiver).

 Issue Three 

 Dion's presents a twofold attack upon the trial court's final judgment via its third
issue. The first concerns the sufficiency of the affidavits tendered by the City to support its
summary judgment grounds. According to Dion's, the documents "were incompetent to
establish any evidence in support of any grounds in the Motion." While the record discloses
that it did object to the affidavits below, the record does not indicate that the trial court ruled
on those objections. Having failed to secure a ruling from the court, Dion's did not preserve
its objections for appellate review. Hou-Tex, Inc. v. Landmark Graphics, 26 S.W.3d 103,
112 (Tex. App.-Houston [14th Dist.] 2000, no pet.).

 Nor does Dion's explain, in its appellate brief, why the affidavits were purportedly
"incompetent." Nor are we directed to the particular matter within them that purportedly
rendered them incompetent. And, assuming arguendo, that Dion's merely re-urged that
argument contained in its response to the summary judgment motion, we note that the
portion dealing with its objections to the affidavits was and is bereft of citation to authority
and substantive legal analysis; so, it cannot serve to satisfy Dion's duty to provide us with
sufficient argument and authority illustrating reversible error.

 The second prong of Dion's attack involves the failure of the trial court to issue
findings of fact and conclusions of law in support of its summary judgment. While it may
be that the trial court did not execute any, Dion's was not entitled to them. See IKB Indus.,
Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 442 (Tex. 1997) (holding that a party is not entitled
to findings of fact and conclusions of law regarding the entry of a summary judgment).

 In sum, neither attack levied by Dion's via its third issue illustrates reversible error. 
So, we overrule the issue.

 Issue Four

 Through its last issue, Dion's argues that neither the Corporation nor the City
established their affirmative defenses to its claims, negated its defenses to their claims, or
negated the fact questions created by the affidavits it presented. We overrule the issue.

 These contentions, like its others, are little more than conclusions, bereft of legal
analysis. Furthermore, Dion's fails to direct us to the purported evidence in the affidavits
mentioned that purportedly creates material fact issues. Nor does it explain how that
unknown evidence created issues of fact or what those issues were. Simply put, the issue
was again waived due to inadequate briefing.

 Accordingly, we affirm the final summary judgment of the trial court. 

 Per Curiam



 not suggest any plausible
motive for doing so. Absent any indication that the subject knew Hook was a police officer,
the magistrate could have reasonably concluded the likelihood that the subject's actions
were the result of subterfuge were sufficiently low to support the conclusion that there was
a "fair probability" cocaine was located in the house.

 Appellant also contends that the absence of any showing that an occupant of the
residence gave the subject the cocaine weighs against a finding of probable cause. We
disagree. The question for the magistrate's decision was if there was a fair probability that
cocaine could be found in the house rather than whether someone in the house gave it to
the subject. His reliance on Haas v. State, 790 S.W.2d 609 (Tex. Crim. App. 1990), is
misplaced. In Haas, the court held a showing that police found contraband on passengers
of a car departing a storage facility did not justify a search of the facility. Id. at 612. 
However, in this case, the subject went to the house after offering to sell cocaine and
delivered the substance after returning from the house. Thus, the facts before us are
distinguishable from those before the Haas court.

 Appellant identifies this court's unpublished opinion in State v. DeLeon, No. 07-95-0339-CR (Tex. App.--Amarillo Feb. 9, 1996, no pet.) (not designated for publication) as
factually indistinguishable. Rule of Appellate Procedure 47 concerning publication and
citation of opinions was revised effective January 1, 2003. Present Rule 47.7 now provides
opinions not designated for publication under the former rule "have no precedential value
but may be cited with the notation, '(not designated for publication).'" (3) Relying on the
former rule which was in effect at the time its brief was filed, the State does not discuss
DeLeon.

 We have not yet addressed the effect of the change in Rule 47 and are not aware
of opinions from other courts directly addressing that issue. Initially, we note that the
former rule not only provided that unpublished opinions have no precedential value, but it
also forbade the citation of such opinions as authority by either counsel or by a court. The
difference then is the citation of unpublished opinions is no longer forbidden. With regard
to the provision as to precedential value, the Seventh Edition of Black's Law Dictionary
contains a definition of precedent as "[a] decided case that furnishes a basis for
determining later cases involving similar facts or issues." Black's Law Dictionary 1195
(7th ed. 1999). It goes on to define the terms "binding precedent" as precedent that a court
must follow, and "persuasive precedent" as that which a court "may either follow or reject
but that is entitled to respect and careful consideration." Id. It also explicates that
precedent forms the core of the doctrine of stare decisis "under which it is necessary for
a court to follow earlier judicial decisions when the same points arise again in litigation." 
Id. at 1414.

 By stating that unpublished opinions may be cited but have no precedential value,
we perceive the intent of the rule to be that a court has no obligation to follow such
opinions. The effect of the rule is to afford parties more flexibility in pointing out such
opinions and the reasoning employed in them rather then simply arguing, without
reference, that same reasoning. However, the court to whom an unpublished opinion is
cited has no obligation to follow the opinion or to specifically distinguish such opinion. 
They may be cited merely as an aid in developing reasoning that may be employed by the
reviewing court be it similar or different. Even so, we do not view Rule 47.7, or the former
rule, as justifying unreasoned inconsistency on the part of an appellate court.

 Here, appellant presented the DeLeon opinion to the trial court and argued that it
was dispositive of the motion to suppress. The trial court reviewed the opinion and
commented:

 . . . [A]lthough it's an unpublished opinion, it is interesting to see what the
appellate court for this area would do. I do find that there are sufficient
differences in that case than this case so that I'm not overly concerned
[about] how they ruled in that particular case. . . . I think that . . . if they apply
that same reasoning . . . to this case that this search will stand up.


 The trial court correctly considered our opinion in DeLeon in the light by which such
an opinion should be considered, namely, as a guide to the application of legal principles
to the facts then before it. The trial court determined that the facts before it were factually
distinguishable from the facts before the DeLeon court. We agree with that decision. To
explicate why we agree, we must refer to those facts. In DeLeon, the affidavit used in
obtaining a search warrant showed that the person who offered cocaine to the officer there
drove to a house on 21st Street in Lubbock, picked up a second person, drove to a
convenience store where one of the people entered the store while the other drove to the
defendant's house on 38th Street, also in Lubbock, and went into the house. After leaving
the house, the driver picked up the second person at the convenience store and then
returned to the officer to complete the sale. We held the trial court did not abuse its
discretion in finding the affidavit did not establish probable cause to believe cocaine could
be found at the defendant's house. State v. DeLeon, No. 07-95-0339-CR, slip op. at 4. 
There, the trial court was justified in believing that the fact that two suspects went to two
different locations between the offer to sell and the delivery was too attenuated to show
probable cause. That is not the case here, and the trial court acted within its discretion in
overruling the motion to suppress.

 Appellant's points of error are overruled, and the judgment of the trial court is
affirmed.


 John T. Boyd

 Senior Justice


Publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. Although referring to the person who dealt with Officer Hook and went to the house
as the "subject" is somewhat awkward, we will use that reference in this opinion to be
consistent with the references in the affidavit. 
3. Former Rule 47.7 provided: "Opinions not designated for publication by the court
of appeals have no precedential value and must not be cited as authority by counsel or by
a court."