Affirmed and Memorandum Opinion filed July 15, 2008








Affirmed and Memorandum Opinion filed July 15, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00045-CR

____________

 

NEWMAN MIKEY RICHARD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1053448

 



 

M E M O R A N D U M  O P I N I O N

Appellant Newman Mikey Richard appeals the trial court=s denial of his
motion to suppress evidence, claiming that the affidavit upon which the search
warrant was based contained (1) stale information, and (2) reckless material
allegations made with a disregard for the truth.  We affirm.

 

 








I.  Factual and Procedural
Background

On January 11, 2006, a federal magistrate judge issued a
warrant to search a Houston apartment in which appellant lived.  The magistrate
found probable cause existed to issue a warrant based on an affidavit by
Special Agent Jeffrey Martin of the Drug Enforcement Administration (DEA).

In his affidavit, Special Agent Martin stated that
appellant had been involved with a drug-trafficking organization in the Virgin
Islands.  Special Agent Martin attested that, starting nine months before the
warrant was issued, DEA agents in St. Croix, Virgin Islands, had conducted an
investigation over the course of six months that involved court-authorized
wiretaps on two telephones of suspected drug traffickers.  He further asserted
that during this investigation, appellant had been in contact with the
suspected St. Croix traffickers and had shipped packages of marijuana to these
traffickers in St. Croix.  The packages were intercepted by United States
postal inspectors.

In his affidavit, Special Agent Martin attested that the
factual assertions within the affidavit were either based upon his personal
knowledge or upon information relayed to him from other sworn law enforcement
officers.  In later paragraphs, Special Agent Martin stated that appellant=s voice was
identified on the St. Croix DEA=s telephone recordings.








Law enforcement officers executed the search warrant. 
Based upon the evidence found in the search, appellant was indicted in state
court proceedings for possession of cocaine with intent to deliver.  Before
trial, appellant filed a motion to suppress all evidence obtained pursuant to
the warrant.  At a hearing on this motion, Special Agent Martin testified he
had not personally heard the tapes and would not have been able to identify
appellant=s voice because he had never met appellant.  Appellant
argued that because Special Agent Martin had not personally heard the
recordings, all statements in which he impliedly identified appellant=s voice were
deliberate falsehoods, demonstrating a reckless disregard for the truth.  After
the hearing, the trial court denied appellant=s motion,
expressly finding that Special Agent Martin=s statements were
not made with reckless disregard for the truth.

Appellant later filed a motion to reconsider the trial
court=s ruling on the
motion to suppress, arguing for the first time that the information in the
search affidavit was stale.  The trial court denied this motion without a
hearing.  Appellant then pleaded Aguilty@ to possession of
cocaine.  After finding him guilty, the trial court assessed punishment at nine
years= confinement.

II.  Issues and Analysis

A.      Did the trial court err in
denying appellant=s motion to suppress when the facts
upon which the search warrant was based occurred at least three months before
the warrant was issued?

In his first issue, appellant argues that the trial court
erred in denying his motion to suppress because some of the information
contained in the affidavit upon which the search warrant was based occurred
three to nine months before the warrant was issued.  

For a search warrant to issue, there must be a fair
probability that the subjects of the search will be found on the premises.  See
Rodriguez v. State, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007) (stating that
this is a Aflexible and nondemanding@ standard). 
Probable cause supporting issuance of a warrant exists Awhere the facts
submitted to the magistrate are sufficient to justify a conclusion that the
object of the search is probably on the premises to be searched at the time the
warrant is issued.@  Cassias v. State, 719 S.W.2d 585,
587 (Tex. Crim. App. 1986).  Appellant asserts that the information in the
affidavit was too old to justify a conclusion that the subjects of the search
were at his apartment when the magistrate issued the warrant.  Appellant urges
that because the information was stale, the warrant lacked probable cause. 








Appellant failed to preserve error on the issue of
staleness because he did not raise the issue in his motion to suppress or at
the pre-trial hearing on the motion.  To preserve a complaint for appellate
review, a party generally must make a timely request, objection, or motion with
sufficient specificity to apprise the trial court of the complaint.  Tex. R. App. P. 33.1(a); Saldano v.
State, 70 S.W.3d 873 886B87 (Tex. Crim. App. 2002); see also
Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990) (stating that to
preserve an issue for appellate review there must be a timely objection stating
the legal basis for the objection).  A motion to suppress evidence is only a
specialized objection to the admissibility of that evidence.  Galitz v.
State, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981) (op. on reh=g).  An objection
that sets forth one legal basis at the trial level may not be used to support a
different basis on appeal.  See id; Roach v. State, No.
14-06-00756-CR, 2008 WL 1862479, at *2B3 (Tex. App.
Houston [14th Dist.] Apr. 29, 2008, no pet.) (mem. op., not designated for
publication).  Appellant=s sole argument in the motion to suppress
was that the affidavit contained material false statements made with a reckless
disregard for the truth.  Appellant did not argue that the search warrant was
issued upon an affidavit comprised of stale information.  Furthermore, under
the Texas Code of Criminal Procedure, Awhen a criminal
case is set for [a] pre-trial hearing, any such preliminary matters not raised
or filed seven days before the hearing will not thereafter be allowed to be
raised or filed, except by permission of the court for good cause shown.@  Tex. Code Crim. Proc. Ann. art. 28.01, _ 2 (Vernon 2006). 
Appellant did not object to the affidavit based on staleness in his original
motion; he did so only on the motion to reconsider, which was filed more than a
month after the hearing on the motion to suppress.  The record does not reflect
that the trial court granted appellant permission to raise the staleness issue
for good cause as required by article 28.01.  Tex.
Code Crim. Proc. Ann. art. 28.01, _ 2.  Because appellant failed to
preserve error regarding the alleged staleness of information in the search
affidavit, he has waived his complaint.  Accordingly, we overrule his first
issue.

 








B.      Did the trial court err in
denying appellant=s motion to suppress when the
affidavit upon which the search warrant was based contained information learned
from other law enforcement officers?

In appellant=s second issue, he
complains that Special Agent Martin=s affidavit
contained false statements made with reckless disregard for the truth when
Special Agent Martin stated that appellant=s voice was
identified on recorded telephone calls obtained during an investigation.  In
paragraph five of his affidavit, Special Agent Martin swore that the specific
facts enumerated in the paragraphs that followed were either known to him or
relayed to him by other officers.  In later paragraphs, Special Agent Martin
attested that a St. Croix drug dealer was in contact with a Houston resident
identified as appellant.  At the hearing on appellant=s motion to
suppress, Special Agent Martin testified that he had not personally heard the
tapes, but that he relied on information he had learned from other law
enforcement officers, who, in turn had identified appellant as the recipient of
those calls.  Appellant argues that the paragraphs within the affidavit, when
taken on their own, contain statements made with reckless disregard for the
truth because Special Agent Martin did not personally identify appellant as the
recipient of those phone calls.  Appellant argues that these allegedly false
statements were  made with reckless disregard for the truth and should have
been struck from the affidavit.  Appellant argues that no probable cause
existed without those statements, and therefore the trial court erred in
denying appellant=s motion to suppress.








We generally review a trial court=s ruling on a
motion to suppress under an abuse-of-discretion standard.  Oles v. State,
993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  We view the evidence adduced at a suppression
hearing in the light most favorable to the trial court=s ruling.  Champion
v. State, 919 S.W.2d 816, 818 (Tex. App.CHouston [14th
Dist.] 1996, pet. ref=d).  The trial court is the sole judge of
the credibility of witnesses and the weight to be given to their testimony at a
hearing on a motion to suppress.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990).  We afford almost complete deference to the trial court=s determination of
historical facts supported by the record, as well as to mixed questions of law
and fact dependent on the determination of a witness=s credibility and
demeanor.  See State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 1997)
(quoting Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). 
When, as in this case, the court issues findings of fact, we determine first whether
the trial evidence, viewed in the light most favorable to the trial court=s ruling, supports
these fact findings.  State v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim.
App. 2006).  We then review the trial court=s legal ruling de
novo unless the trial court=s supported-by-the-record explicit fact
findings are also dispositive of the legal ruling.  Id.








When a search warrant affidavit is challenged on whether it
is legally sufficient to show probable cause, the trial court is usually
limited to the Afour corners@ of the
affidavit.  Cates v. State, 120 S.W.3d 352, 355 n.3 (Tex. Crim. App.
2003).  However, an accused, as in this case, may challenge the truthfulness of
factual statements made in an affidavit supporting a search warrant.  See
Franks v. Delaware, 438 U.S. 154, 156, 98 S. Ct. 2674, 2676, 57 L. Ed. 2d
667 (1978).  In Franks v. Delaware,[1]
the United States Supreme Court held that if a defendant can establish by a
preponderance of the evidence that a falsehood made with reckless disregard for
the truth was included in a search affidavit, and the falsehood was material to
establish probable cause, the falsehood must be excised from the affidavit.  Id.;
see Kelly, 204 S.W.3d at 818.  If the warrant fails to establish
probable cause when the false statements are removed, the fruits of the search
are excluded from evidence.  See Franks, 438 U.S. at 156, 98 S. Ct. at
2676; Janecka v. State, 937 S.W.2d 456, 462 (Tex. Crim. App. 1996).  Franks
does not require that all facts in an affidavit necessarily be correct, but
rather that the information put forth Ais believed or
appropriately accepted by the affiant as true.@  Franks,
438 U.S. at 164B65, 98 S. Ct. at 2681.  A[P]robable cause
may be based on hearsay or information received from informants.@  Id.  When
making a probable cause determination, a magistrate judge may rely upon a
police officer=s affidavit based either on that officer=s knowledge or
knowledge gathered from other officers.  See United States v. Ventresca,
380 U.S. 102, 111, 85 S. Ct. 741, 747, 13 L. Ed. 2d 684 (1965); Johnson v.
State, 803 S.W.2d 272, 289 (Tex. Crim. App. 1990), overruled on other
grounds by Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App. 1991).

Appellant argues that because Special Agent Martin relied
upon other sources of information to claim that the St. Croix traffickers were
in contact with appellant, this claim was made with a reckless disregard for
the truth.  Appellant bases his argument solely on Hass v. State,
wherein a police officer signed an affidavit, stating he personally had
witnessed a crime take place when, in fact, he personally had seen only parts
of the crime occur.  See Hass, 790 S.W.2d 609, 610B12 (Tex. Crim.
App. 1990).  In Hass, the Texas Court of Criminal Appeals struck from
the affidavit all facts to which the officer had sworn but later admitted he
had not personally observed.  Id. at 612.  The Hass case is not on point because the
officer in that case attested that he personally had seen all of the events
described in the affidavit, but later admitted that he had not actually seen
these events.  In the instant case, the facts in the affidavit were based on
observations by multiple law enforcement officers, and Special Agent Martin
expressly stated in his affidavit that his information was based somewhat on information
learned from other officers, which is permissible.  See, e.g., Keese
v. State, No. 05-98-00878-CR, 1999 WL 225897, at *1 (Tex. App.CDallas Apr. 20, 1999, pet. ref=d) (mem. op., not designated for
publication).








Special Agent Martin=s affidavit
provided in relevant part, Athe information enumerated in the
paragraphs below, furnished in support of this affidavit, is derived from my
own investigation and information related to me by other sworn law enforcement
officers.@  He did not state in his affidavit that he had
personal knowledge of all the facts set forth therein.  See Martinez v.
State, No. 05-98-01790-CR, 2000 WL 12703, at *4 (Tex. App.CDallas, Jan. 10,
2000, pet. ref=d) (not designated for publication).  The affidavit
itself states, and Special Agent Martin confirmed in his testimony, that the
assertions in the affidavit either were known to him or relayed to him from
other law enforcement officers.  See id.  The paragraphs in the
affidavit to which appellant objects, when coupled with the language from
paragraph five, indicate that the information came from other DEA agents. 
Therefore, the affidavit does not imply first hand knowledge nor is the
information set forth known to be false.  See id.  Special Agent Martin
believed the statements based on his personal knowledge or information from
those he reasonably trusted.  Thus, the statements in the affidavit are Atrue@ to the extent
required by Franks.  See Franks, 438 U.S. at 164B65, 98 S. Ct. at
2681; Dancy v. State, 728 S.W.2d 722, 780B82 (Tex. Crim.
App. 1987) .  Even if these statements arguably could be construed as false,
they do not rise to the level of intentional misstatement or reckless disregard
as contemplated by Franks.  See Franks, 438 U.S. at 169B70, 98 S. Ct. at
2683 (statements must be deliberately false or made with reckless disregard); Dancy
v. State, 728 S.W.2d 772, 782B83(holding that
even a misstatement regarding the source of information does not render a
warrant invalid). 

Given Special Agent Martin=s affidavit, the
magistrate judge could have inferred that drugs were at the subject residence. 
See Rodriguez, 232 S.W.3d at 63.  Because we conclude that the
statements in the affidavit were Atrue@ to the extent
required by Franks, the magistrate judge had a substantial basis for his
conclusion that the drugs were likely to be found at the subject residence.  See
id. at 64.  The trial court=s rulings resolved
all credibility issues, and such determinations, as provided in the trial court=s findings of
fact, are supported by the record and are within the zone of reasonable
disagreement.  See Ross, 32 S.W.3d at 856.  Therefore, Special Agent
Martin=s statements were
not false or made with a reckless disregard for the truth and need not be
excised from the affidavit. See Franks, 438 U.S. at 156, 98 S. Ct. at
2676.  








We conclude that the trial court did not commit reversible
error by denying appellant=s motion to suppress.  We overrule
appellant=s second issue.

Having overruled appellant=s two issues, we
affirm the trial court=s judgment.

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum
Opinion filed July 15, 2008.

Panel consists of Justices Fowler,
Frost, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Appellant and the State couch the hearing on the
motion to suppress as a Franks hearing.  While it is not clear from the
record that the court agreed to hear the evidence under the auspices of Franks,
we will review it as such.  See Arnold v. State, 47 S.W.3d 757,
758 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).