**Dennis Wayne RICHARDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–00–00432–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 5, 2001.

Douglas Durham, Houston, for Appellant.

John B. Holmes, Donald W. Rogers, Jr., for State.

Panel consists of Justices MIRABAL, JENNINGS, and DUGGAN.[*]

## OPINION

MIRABAL, Justice.

A jury convicted appellant, Dennis Wayne Richards, of the first degree felony offense of injury to a child, namely, his son Laren Richards.[1] Appellant entered a plea of true to one enhancement paragraph,[2] and the jury assessed his punishment at 60 years confinement. Appellant challenges the trial court's judgment in eight points of error. We affirm.

In his second point of error, appellant contends the evidence is legally insufficient to support his conviction. Specifically, appellant asserts the State failed to meet its burden to prove that the object used to

---

[*] The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

**1.** *See* TEX PEN.CODE ANN. § 22.04(a)(1), (e) (Vernon Supp .2001).

**2.** The enhancement paragraphed alleged a prior conviction of burglary of a habitation.

injure complainant was "unknown to the grand jury" after use of due diligence to determine the nature of the object.

 Sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Gollihar v. State*, 46 S.W.3d 243, 252 (Tex.Crim. App., 2001); *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997). Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Gollihar*, at p. 253; *Malik*, 953 S.W.2d at 240.

The indictment, in pertinent part, alleged:

> [Appellant] ... on or about March 25, 1998, did then and there unlawfully, intentionally and knowingly cause serious bodily injury to LAREN RICHARDS ... a child younger than 15 years of age, by shaking the Complainant and striking Complainant with an object *unknown to the Grand Jury*.
>
> It is further presented that ... [appellant] on or about March 25, 1998, unlawfully, intentionally and knowingly caused serious bodily injury to LAREN RICHARDS ... a child younger than 15 years of age, by a manner and means *unknown to the Grand Jury* ....

(Emphasis added.)

 The first degree felony of injury to a child is committed when a person intentionally or knowingly causes serious bodily injury to a child. Tex. Pen.Code Ann. § 22.04(a)(1), (e) (Vernon Supp.2001). A non-essential element allegation, such as an allegation that the object used to cause the serious bodily injury was unknown to the grand jury, may properly be excluded from a hypothetically correct charge. *See Gollihar*, at p. 256; *Rosales v. State*, 4 S.W.3d 228, 231 (Tex.Crim.App.1999). Therefore, such an allegation is disregarded in a sufficiency of the evidence review. *See Gollihar*, at pp. 256-257. Accordingly, even if the evidence was insufficient to show that the object was *unknown to the grand jury* after due diligence, such would be an immaterial variance.[3] *Id.*

We overrule point of error two.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App.P. 47, and is thus ordered not published.

We affirm the judgment.

---

**3.** We note that the evidence at trial was inconclusive about what instrument or method was used to cause complainant's injuries, and the assistant foreman of the grand jury testified that the grand jury was not able to determine the manner and means of the injury. Even under pre-*Gollihar* and pre-*Rosales* case law, the State did not need to prove the grand jury used "due diligence" in attempting to ascertain the weapon used in this case. *See Hicks v.. State*, 860 S.W.2d 419, 425 (Tex. Crim.App.1993).