NUMBER 13-00-170-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_______________________________________________________________________________


CHARLES ROSE, Appellant,


v.



THE STATE OF TEXAS, Appellee.

_________________________________________________________________________________


On appeal from the County Criminal Court No. 10 

of Dallas County, Texas.

_________________________________________________________________________________

O P I N I O N



Before Chief Justice Valdez and Justices Yañez and Hill (1)

Opinion by Justice Hill


Charles Rose appeals his conviction by a jury of the offense of assault. The judge assessed his punishment at one year's
confinement, suspended, two years community supervision, and a fine of $500. In his sole issue on appeal, Rose contends
that the evidence is insufficient to support the jury's verdict because the State failed to prove that the complainant was
struck with an object, the exact nature of which was unknown to the grand jury. We affirm because the evidence is
sufficient to support the jury's verdict.

The indictment alleged that Rose knowingly and intentionally caused bodily injury to the complainant by striking her on the
torso with an object, the exact nature of which was unknown to the grand jurors. At trial, the complainant testified that
after she had refused to perform a sexual favor for Rose, she felt a sharp, painful blow to her back. She indicated that she
did not see the object Rose used to hit her, but assumed that it was the side of his fist. The contusion resulting from the
attack was in the size and shape of a hand. Rose testified that he pushed the complainant with the palm of his hand. We
hold that the evidence is sufficient to support Rose's conviction. 

Rose urges that the evidence is insufficient because the State failed to prove that the grand jury used due diligence in
seeking to determine the weapon used in the assault. He relies upon the cases of Rosales v. State, 4 S.W.3d 228, 231 (Tex.
Crim. App. 1999), cert. denied, 121 S.Ct. 576 (2000); Hicks v. State, 860 S.W.2d 419, 424 (Tex. Crim. App.
1993);McFarland v. State, 845 S.W.2d 824, 830-31 (Tex. Crim. App. 1992); and. Matson v. State, 819 S.W.2d 839, 847
(Tex. Crim. App. 1991). These cases represent the rule that where the indictment alleges that the weapon used was
unknown to the grand jury, but the evidence at trial shows the weapon that was used, the State must prove that the grand
jury used due diligence in ascertaining the weapon used. Rosales, 4 S.W.3d at 231; Hicks, 860 S.W.2d at 424; McFarland,
845 S.W.2d at 830; Matson, 819 S.W.2d at 847. We believe that the evidence in this case shows that Rose committed the
offense with his hand, even though the complainant could not say with certainty what he hit her with. Consequently, under
the line of cases to which we have just referred, the State would have been required to present evidence as to the diligence
used by the grand jury in determining what weapon was used. 

However, in Malik v. State, 953 S.W.2d 234 (Tex. Crim. App. 1997), the Texas Court of Criminal Appeals held that the
sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge
for the case. Id. at 240. In Rosales, the court subsequently held that in light of its ruling in Malik, "the rule in cases like
Hicks is no longer viable." Rosales, 4 S.W.3d at 231. 

Since Rosales, the Texas Court of Criminal Appeals has held that a hypothetically correct jury charge need not incorporate
allegations that give rise to immaterial variances. Gollihar v. State, 46 S.W.3d 243, 256 (Tex. Crim. App. 2001). A
non-essential element allegation, such as an allegation that the object used to cause injury was unknown to the grand jury,
may properly be excluded from a hypothetically correct charge. See id. at 252-53;Richards v. State, 54.S.W.3d 348, 350
(Tex. App.--Houston [1st Dist.] 2001, pet. ref'd). A variance between the wording of the indictment and the evidence
presented is fatal only if it is material and prejudices the defendant's substantial rights, that is, if the indictment fails to
inform the defendant of the charge against him sufficiently to allow him to prepare an adequate defense and if the defendant
would be subjected to the risk of being prosecuted later for the same offense. Gollihar , 46 S.W.3d at 257. We hold that
even if there is a variance between the wording of the indictment, that the object Rose used was unknown to the grand jury,
and the proof at trial, the indictment informed Rose of the charge against him sufficiently to allow him to prepare an
adequate defense and Rose would not be subject to the risk of being prosecuted later for the same offense. Consequently,
any such variance was not material. See Richards, 54 S.W.3d at 350. We overrule Rose's sole issue on appeal.

The judgment is affirmed. 



John Hill

Justice



Publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

14th day of March, 2002.



1. Former Justice John Hill assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.
Gov't Code Ann. § 74.003 (Vernon 1998).