**Thaddeus Chad FAGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–01–00146–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted July 8, 2002.
Decided Oct. 14, 2002.

Ebb B. Mobley, Longview, for appellant.

Williams M. Jennings, Gregg County Dist. Atty., Andy Porter, Asst. Dist. Atty., Longview, for appellee.

Before GRANT, ROSS, and CORNELIUS,* JJ.

## OPINION

Opinion by Justice CORNELIUS (Retired).

A jury convicted Thaddeus Chad Fagan of attempted aggravated sexual assault of a child and assessed his punishment at fifty years' imprisonment and a $10,000.00 fine. Fagan contends the evidence is legally and factually insufficient to support the verdict because of the language used in the indictment. He also contends that the trial court erred by giving the jury a charge allowing it to convict him on less than a unanimous verdict and that the trial court abused its discretion by failing to hold a hearing on a motion for new trial alleging newly discovered evidence. We overrule all of these contentions and affirm the judgment.

■ Fagan first contends the evidence is insufficient to support the verdict because the State failed to prove that the grand jury used due diligence in seeking to determine the object Fagan used to commit the assault. The indictment and the jury charge both alleged that Fagan committed aggravated sexual assault by contacting the victim's buttocks either with his sexual organ or with an object unknown to the grand jury. The victim testi-fied that she was sleeping with a group of children on the floor of the residence and that she was awakened when something stuck against her buttocks that felt like a boy's private part. She testified that, when she awoke, she discovered that her jeans had been pulled halfway down to her knees, and she said as she awoke she turned and saw Fagan pulling his pants up and moving away.

■ If the trial court's charge authorizes the jury to convict the defendant on alternative theories, a verdict of guilt will be upheld if the evidence is sufficient to convict the defendant on any one of the theories. *Holberg v. State*, 38 S.W.3d 137, 139 (Tex.Crim.App.2000); *Rabbani v. State*, 847 S.W.2d 555, 558 (Tex.Crim.App. 1992); *Guevara v. State*, No. 04–00–00340–CR, 2001 WL 1643914, at *4, —— S.W.3d ——, —— (Tex.App.-San Antonio Dec. 26, 2001, no pet. h.).

■ The Texas Court of Criminal Appeals has held that alternate pleading of the differing methods of committing an offense may be charged in one indictment. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex.Crim.App.1991). And although the indictment may allege the differing methods of committing the offense in the conjunctive, it is proper for the court to charge the jury in the disjunctive. *Id.*

Fagan argues that the evidence is insufficient because the State failed to prove that the grand jury used due diligence in seeking to determine the object used in the assault. In his argument, he relies on the line of cases led by *Rosales v. State*, 4 S.W.3d 228, 231 (Tex.Crim.App.1999); *Hicks v. State*, 860 S.W.2d 419, 424 (Tex. Crim.App.1993); and *Matson v. State*, 819 S.W.2d 839, 847 (Tex.Crim.App.1991). These cases articulate and apply the rule

---

* William J. Cornelius, C.J., Retired, Sitting by    Assignment

that where the indictment alleges that the weapon used was unknown to the grand jury, but the evidence at trial establishes what weapon was used, the state must prove that the grand jury used due diligence in attempting to ascertain what weapon was used. If the evidence at trial fails to establish what instrument or weapon was used, a prima facie showing is made that the instrument or weapon was unknown to the grand jury. *Rosales v. State*, 4 S.W.3d at 231; *Hicks v. State*, 860 S.W.2d at 424; *Matson v. State*, 819 S.W.2d at 847. The purpose for this rule is to ensure that a defendant will have adequate notice of the charge against him and to guard against weakening the adequacy of notice that may be caused by a variance between the allegation and the proof.

The Texas Court of Criminal Appeals has discussed the relationship between the indictment and the proof in several opinions since its decision in *Malik v. State*, 953 S.W.2d 234 (Tex.Crim.App.1997). In *Malik*, the court held that the sufficiency of the evidence is measured by the elements of the offense as defined by a *hypothetically correct* jury charge for the case rather than by the charge actually given to the jury. *Id.* at 240. In *Rosales*, after discussing the rule applied in *Hicks* as set out above, the court specifically held, without further explanation, that in light of its ruling in *Malik*, "the rule in cases like *Hicks* is no longer viable...." *Rosales v.*

*State*, 4 S.W.3d at 231; *see Rose v. State*, 76 S.W.3d 573, 574 (Tex.App.-Corpus Christi 2002, no pet. h.); *Richards v. State*, 54 S.W.3d 348, 350 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd).

The Texas Court of Criminal Appeals has since held that a hypothetically correct jury charge need not incorporate allegations that give rise to immaterial variances. *Gollihar v. State*, 46 S.W.3d 243, 256 (Tex.Crim.App.2001). In determining whether the evidence was legally sufficient to support the conviction in *Gollihar*, the court applied *Malik* and looked to determine whether Gollihar could properly be convicted, based not on the instructions actually given to the jury, but instead on the hypothetically correct charge that could have been given to the jury as authorized by the indictment.[1] *Id.* at 254; *see Malik v. State*, 953 S.W.2d 234.

█ The ruling in *Gollihar* thus merges notice concepts into the question of whether a variance between the indictment and the proof is material, holding finally that only a material variance providing inadequate notice will render the evidence legally insufficient.[2] The question is whether the *Hicks* line of cases remains viable in light of the language in *Gollihar* and *Rosales*. We were recently confronted with this question in *Wheeler v. State*, 35 S.W.3d 126, 132 n. 6 (Tex.App.-Texarkana 2000, pet. ref'd). In that case, we did not find it necessary to reach the issue.[3] We do so now.

---

1. The court explained *Malik* as holding that the law "as authorized by the indictment" was the statutory elements of the offense "as modified by the charging instrument." Thus, it concluded that a hypothetically correct jury charge would not simply quote from the controlling statute. *Gollihar v. State*, 46 S.W.3d 243, 254 (Tex.Crim.App.2001).

2. A variance between the wording of the indictment and the evidence presented is fatal only if it is material and also prejudices the

defendant's substantial rights. In other words, if the indictment fails to inform the defendant of the charge against him sufficient to allow him to prepare an adequate defense, and if the defendant would be subjected to the risk of being prosecuted later for the same offense. *Gollihar v. State*, 46 S.W.3d at 257.

3. *See Rodriguez v. State*, 32 S.W.3d 921, 924–25 (Tex.App.-Corpus Christi 2000, no pet.) (also declining to address this issue).

The Texas Court of Criminal Appeals has expressly disavowed the "due diligence" rule set out in *Hicks*. We therefore conclude that the rule has lost its underpinning as well as any reason for its existence. As required by *Gollihar*, we now look directly to issues of notice and the materiality of any variance between the indictment and charge to see if reversible error is present. Accordingly, although the state may still be required to show that the grand jury exercised due diligence in providing adequate notice to the defendant, the rule requiring the state to show that the grand jury exercised due diligence in determining the instrumentality of the offense is no longer relevant to our analysis except as it might apply to a review of adequacy of notice. Here, the State alleged both that Fagan attempted to commit the assault through the use of his sex organ or by the use of an unknown object. Fagan was thus given sufficient notice to allow him to prepare for trial. Moreover, the jury was charged in the disjunctive, and the evidence is sufficient to support a finding that Fagan contacted the victim's buttocks with his sex organ. *See Rosales v. State*, 4 S.W.3d at 231.

■ Fagan next contends the trial court erred by giving the jury a charge allowing it to convict him on less than a unanimous verdict. He contends that, because the charge alleged alternative methods by which the attempted assault was carried out, some jurors could have believed that he used one method, while others could have believed he used the other method, resulting in a verdict in which twelve jurors did not concur. As set out above, the court has held that alternative pleading of different methods of committing one offense may be charged in one indictment. *Kitchens v. State*, 823 S.W.2d at 258. And although the indictment may allege the differing methods of committing the offense in the conjunctive, it is proper for the jury to be charged in the disjunctive. *Id.* Thus, error has not been shown.

■ Fagan next contends that the trial court abused its discretion by failing to hold a hearing on his motion for new trial alleging newly discovered evidence. A trial court is required to conduct a hearing on a motion for new trial only if the motion raises issues that cannot be determined from the record. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Crim.App.1993).

■ As pointed out by the State, Fagan did not raise his newly discovered evidence contention in his original motion for new trial. He raised it in an amended motion for new trial that was filed on the seventy-fifth day after he was sentenced, at 4:10 p.m. on the last day on which the court could hold a hearing on the motion. *See* TEX.R.APP. P. 21.6. Procedurally, there are two problems with the motion. First, it was not presented to the court as required by TEX.R.APP. P. 21.6. A trial court must hold a requested hearing on a *properly presented* motion for a new trial that raises matters that are not determinable from the record. *See Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App.1994). The Texas Court of Criminal Appeals has stated that a movant satisfies the presentment requirement by "actually delivering the motion for new trial to the trial court or otherwise bringing the motion to the attention or actual notice of the trial court." *Carranza v. State*, 960 S.W.2d 76, 79 (Tex.Crim.App.1998); *Estrella v. State*, 82 S.W.3d 483, 485 (Tex.App.-San Antonio 2002, no pet. h.). The record does not show that Fagan's motion was presented to the trial court at all.

Second, an amended motion for new trial may be filed as a matter of right within thirty days after the date of sentencing. TEX.R.APP. P. 21.4(b). Fagan's motion was filed seventy-five days after the date of

sentencing, and the record does not show that the trial court granted Fagan leave to file an amended motion. In these circumstances, we conclude that the trial court did not err by failing to conduct a hearing on the motion.

For the reasons stated, we affirm the judgment of the trial court.