NUMBER 13-05-290-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOE IBARRA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 



On appeal from the 197th District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza


Memorandum Opinion by Justice Yañez


 

 By two issues, appellant Joe Ibarra challenges his conviction for aggravated assault (1)
after a jury found him guilty, and the trial court assessed punishment at fifteen years'
confinement. Specifically, appellant challenges the legal and factual sufficiency of the
evidence that he used or exhibited a deadly weapon. In a sub-issue, appellant contends
the evidence is legally and factually insufficient because the State was required to show
that the grand jury used due diligence in attempting to determine the identity of the deadly
weapon. We affirm.

Applicable Law

 The penal code provides in pertinent part:

 § 22.02 Aggravated Assault


 (a) A person commits an offense if the person commits assault as defined
in § 22.01 and the person:


 (1) causes serious bodily injury (2) to another, including the person's
spouse; or


 (2) uses or exhibits a deadly weapon (3) during the commission of the
assault. (4)


 A jury may consider all of the facts in determining whether a weapon is deadly,
including the intended use of the weapon, the size and shape of the weapon, the testimony
of the victim, the severity of the wounds inflicted, and the victim's fear of serious bodily
injury or death. (5) A jury may affirmatively find that a deadly weapon was used even if the
object was not identified. (6) The presence and severity of wounds on the injured party are
factors to be considered in determining whether an object was used as a deadly weapon. (7)

Legal and Factual Sufficiency

 Claims of legal insufficiency of evidence are reviewed by examining the evidence
in the light most favorable to the verdict and determining whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. (8) We
measure the legal sufficiency of the evidence against the elements of the offense as
defined by a hypothetically correct jury charge for the case. (9) "Such a charge would be one
that accurately sets out the law, is authorized by the indictment, does not unnecessarily
increase the State's burden of proof or unnecessarily restrict the State's theories of liability,
and adequately describes the particular offense for which the defendant was tried." (10)

 The jury, as the trier of fact, may use common sense and apply common knowledge,
observation, and experience gained in ordinary affairs when giving effect to the inferences
that may be reasonably drawn from the evidence. (11) As fact finder, the jury is the exclusive
judge of the credibility of witnesses and the weight to be afforded their testimony. (12) The
jury is free to accept one version of the facts, reject another, or reject all or any of a
witness's testimony. (13)

 In a factual sufficiency review, we view all of the evidence in a neutral light, and we
will set the verdict aside only if the evidence is so weak that the verdict is clearly wrong and
manifestly unjust, or the contrary evidence is so strong that the standard of proof beyond
a reasonable doubt could not have been met. (14) We are not bound to view the evidence
in the light most favorable to the prosecution and may consider the testimony of all the
witnesses. (15) Disagreeing with the fact finder's determination is appropriate only when the
record clearly indicates that such a step is necessary to arrest the occurrence of a manifest
injustice; otherwise, due deference must be accorded the fact finder's determinations,
particularly those concerning the weight and credibility of the evidence. (16) A proper factual
sufficiency review must consider the most important evidence that the appellant claims
undermines the jury's verdict. (17) 

Analysis

 By his sub-issue, appellant contends the evidence is legally and factually insufficient
because the State was required to show that the grand jury used due diligence in
attempting to determine the identity of the deadly weapon. In support of his argument,
appellant cites Cunningham v. State, 484 S.W.2d 906, 911 (Tex. Crim. App. 1972). 

 The court of criminal appeals, however, has expressly disavowed the "due diligence"
rule cited by appellant. (18) A non-essential element of the charge, such as an allegation that
the object used to cause injury was unknown to the grand jury, may properly be excluded
from a hypothetically correct jury charge. (19) So long as the essential elements of the crime
charged have to be found by the jury in order for a guilty verdict to be returned, the State
does not have to additionally and separately prove the good faith and due diligence of the
grand jury in determining non-essential elements of the charge, such as what kind of
weapon was used. (20) We overrule appellant's sub-issue. 

 Appellant challenges the legal and factual sufficiency of the evidence that he used
or exhibited a deadly weapon. (21) 

 Humberto Gomez testified that he was working at a Circle K around 2:00 a.m. when
he saw the victim, Juan Jose Martinez, approach the store, holding his arm and bleeding
profusely. Gomez called 911. Martinez told Gomez he had been cut. Gomez testified that
Martinez was pale and "went into shock" when he was taken away by the ambulance;
Gomez thought Martinez was going to die. Based on the severity of the wounds, Gomez
testified the weapon must have been a knife. 

 Martinez also testified at trial. He testified that appellant attacked him in the alley
and stabbed him three times on the arm and twice on his leg. Martinez testified he was
in a lot of pain and thought he was going to die. At trial, Martinez showed the jury several
of the scars from his wounds. The jury also saw photographs of Martinez's wounds and
the pools of blood at the Circle K. 

 Ramon Ortiz, a Brownsville police officer, testified that when he arrived at the Circle
K, Martinez was bleeding heavily and appeared to be in a lot of pain. Detective Cris Ortiz,
also a Brownsville police officer, testified that Martinez was "cut with something," and that
the wounds were "laceration-type cuts." 

 After reviewing the record in a light most favorable to the verdict, we hold that the
evidence was legally sufficient to support the deadly weapon element of the offense. 
Likewise, viewing the evidence in a neutral light, we hold that the evidence was factually
sufficient to support the deadly weapon element of the offense. We conclude that proof
of the deadly weapon element is not so obviously weak as to undermine confidence in the
jury's determination, nor is it greatly outweighed by contrary proof. (22) We overrule
appellant's two issues.

 The judgment of the trial court is AFFIRMED.

 

 LINDA REYNA YAÑEZ,

 Justice

 


Do not publish. Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed 

this the 31st day of August, 2006.
1. See Tex. Pen. Code Ann. § 22.02(a)(2) (Vernon Supp. 2006).
2. "'Serious bodily injury' means bodily injury that creates a substantial risk of death . . . or protracted
loss or impairment of the function of any bodily member or organ." Tex. Pen. Code Ann. § 1.07(46) (Vernon
Supp. 2006).
3. "'Deadly weapon' means: . . . anything that in the manner of its use or intended use is capable of
causing death or serious bodily injury." Tex. Pen. Code Ann. § 1.07(a)(17)(B) (Vernon Supp. 2006).
4. Tex. Pen. Code Ann. § 22.02 (Vernon Supp. 2006).
5. Hicks v. State, 837 S.W.2d 686, 690 (Tex. App.-Houston [1st Dist.] 1992, no pet). 
6. Gordon v. State, 173 S.W.3d 870, 873 (Tex. App.-Fort Worth 2005, no pet.) (citing Regan v. State,
7 S.W.3d 813, 819-20 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd)). 
7. Id. 
8. Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Jackson v. Virginia, 443 U.S.
307, 319 (1979)). 
9. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Adi v. State, 94 S.W.3d 124, 131
(Tex. App.-Corpus Christi 2002, pet. ref'd).
10. Malik, 953 S.W.2d at 240. 
11. Booker v. State, 929 S.W.2d 57, 60 (Tex. App.-Beaumont 1996, pet. ref'd). 
12. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1981); Chambers v. State, 805 S.W.2d 459, 461
(Tex. Crim. App. 1991). 
13. Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). 
14. Escamilla, 143 S.W.3d at 817 (citing Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App.
2004)).
15. Johnson v. State, 23 S.W.3d 1, 10-12 (Tex. Crim. App. 2000). 
16. Id. 
17. Sims v. State, 90 S.W.3d 600, 603 (Tex. Crim. App. 2003).
18. See Gollihar v. State, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); Fagan v. State, 89 S.W.3d 245,
249 (Tex. App.-Texarkana 2002, pet. ref'd) ("The rule requiring the state to show that the grand jury exercised
due diligence in determining the instrumentality of the offense is no longer relevant to our analysis.").
19. In re A.J.G., 131 S.W.3d 687, 694 (Tex. App.-Corpus Christi 2004, pet. denied); see Malik, 953
S.W.2d at 239-40. 
20. In re A.J.G., 131 S.W.3d at 694. 
21. We note that in the "Issues Presented" section of his brief, appellant purportedly challenges the
legal and factual sufficiency of the evidence that he used a deadly weapon. However, in the "Arguments"
section, he wholly fails to identify how the evidence is legally or factually insufficient. Apart from his argument
that the evidence is insufficient because the State failed to show due diligence, appellant provides no
argument in support of his legal and factual sufficiency challenges. Out of an abundance of caution, however,
we have elected to review appellant's legal and factual sufficiency issues. 
22. See Escamilla, 143 S.W.3d at 817.