**Opinion filed June 18, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00167-CR

_____

## MICHAEL LEE WOOD, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from 39th District Court**

**Haskell County, Texas**

**Trial Court Cause No. 6153**

## M E M O R A N D U M   O P I N I O N

Michael Lee Wood appeals from a jury conviction for aggravated assault with a deadly weapon. We affirm.

*Background Facts*

Appellant, Marcie Flores, and Alfredo Flores followed Maria Christina Navarette to the Time-Out Liquor Store in Haskell. Marcie went into the store first. Appellant followed her. While appellant and Marcie were in the liquor store, James Craig Foster drove up to the drive-through window. He saw appellant kicking Mickey Melton, the clerk of the store, in the head. Foster yelled

out, and appellant stopped kicking Melton and left the store. Appellant's shirt was covered in blood. Melton suffered serious injuries to his face, neck, and eye. The police later stopped a vehicle matching the description of the suspect vehicle. Officer Donald Matthew Cunningham identified the driver and front passenger as Marcie and Alfredo Flores. While Officer Cunningham was talking to Alfredo, appellant exited the vehicle and fled on foot. The next day, Chief of Police Thomas Paul Bassett apprehended appellant walking down the street near Haskell City Hall.

Appellant was charged with aggravated assault with a deadly weapon. The indictment read in pertinent part as follows:

> MICHAEL LEE WOOD did then and there intentionally and knowingly, and recklessly cause serious bodily injury to Mickey Melton by kicking the said Mickey Melton about the head with Defendant's foot and cutting the said Mickey Melton's neck with a sharp object, the exact type and nature of sharp object is unknown to the Grand Jury at this time, and the Defendant did then and there use or exhibit a deadly weapon, to-wit: a sharp object, the exact type and nature is unknown at this time, that in the manner and means of its use was capable of causing serious bodily injury or death, during the commission of said assault.

The indictment also alleged two enhancements. Appellant pleaded not guilty to the charge and not true to the enhancement paragraphs. The jury found appellant guilty of aggravated assault with a deadly weapon and one of the enhancements to be true, and it assessed his punishment at confinement for life in the Texas Department of Criminal Justice, Institutional Division. The trial court made an affirmative finding that a deadly weapon was used or exhibited in the commission of the offense.

*Issues on Appeal*

Appellant raises six issues on appeal. Appellant challenges the sufficiency of the evidence to prove that the sharp object used to cut the victim was unknown to the grand jury, contends that the jury's verdict was not unanimous, and asserts that the trial court erred in allowing evidence of his prior conviction for escape and of his tattoos during the punishment phase. Finally, appellant argues that the State's closing argument at the punishment phase was improper.

*Sufficiency of the Evidence*

In determining if the evidence was sufficient, we ask whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could find the essential elements of

the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct charge is a charge that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* A nonessential element allegation, such as an allegation that the object used to cause injury was unknown to the grand jury, may properly be excluded from a hypothetically correct charge. *Richards v. State*, 54 S.W.3d 348, 350 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). When an indictment alleges that the manner and means of inflicting the injury is unknown and the evidence at trial does not establish the type of weapon used, a prima facie showing is made that the weapon was unknown to the grand jury. *Rosales v. State*, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). However, if the evidence at trial shows what object was used to inflict the injury, then the State must prove that the grand jury used due diligence in attempting to ascertain the weapon used. *Id*.

Appellant's sufficiency argument is twofold. First, he argues that the evidence established what sharp object was used to injure Melton; therefore, the evidence is insufficient because the State failed to prove that the grand jury used due diligence to identify the sharp object. Appellant next argues that, because there was no evidence of the grand jury's due diligence, the trial court erred in charging the jury on aggravated assault by cutting Melton with a sharp object unknown to the grand jury.

The evidence at trial did not establish what sharp object caused Melton's injury. Dr. Ted Dyer, a head and neck surgeon who treated Melton in the emergency room, testified that Melton's eye had been lacerated and his neck had been cut. Dr. Dyer testified that Melton's wounds could have been caused by either a knife or the tops of broken bottles but that he did not know for sure what object was used. Dr. David James Isbrand testified regarding Melton's eye injury. He testified that the wound to Melton's eye could have been caused by a blow to the eye with a fist, a knife, or a broken bottle. Melton testified that appellant grabbed him from behind and hit him over the head with what he believed to be a broken bottle. Melton also testified that he did not know if he was cut with a knife or a bottle but that he thought it was a bottle.

3

The evidence established that the means of inflicting Melton's injuries was unknown. The testimony showed that either a knife or a broken bottle could have caused Melton's injuries. Because the evidence did not establish what type of sharp object was used to inflict the injury, the State did not need to prove that the grand jury used due diligence to ascertain the weapon used. *See Rosales*, 4 S.W.3d at 231. We overrule appellant's first two issues on appeal.

*Was the Jury Verdict Unanimous*

Appellant argues that the jury charge failed to require a unanimous verdict because the jury could have found appellant guilty of aggravated assault with a deadly weapon by either kicking Melton in the head or by cutting him with a sharp object unknown to the grand jury. Jury unanimity is required in all criminal cases to ensure that all jurors reach a consensus on the same act for a conviction. *Pizzo v. State,* 235 S.W.3d 711, 714 (Tex. Crim. App. 2007). Unanimity is required on the essential elements of the offense but is not violated when the jury has the option of choosing between alternative modes of commission. *Id*. at 715. Different modes of committing an offense may be presented in a jury instruction in the disjunctive even when the charging instrument alleged, in a single count, the different means in the conjunctive. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).

In this case, the charging instrument and the jury instruction alleged the different means of committing the offense in the conjunctive. This means that the jury must have found appellant guilty on both modes of committing the offense: by kicking Melton in the head and by cutting him with a sharp object unknown to the jury.

Appellant argues that no rational trier of fact could have found that appellant cut Melton with a sharp object unknown to the jury and kicked Melton in the head. We disagree. Foster testified that he saw appellant kicking Melton in the head. Melton testified that appellant grabbed him from behind, cut him with a broken bottle, pushed him on the ground, and kicked him in the head before he lost consciousness. The medical testimony established that the wounds to Melton's neck were deep enough to cut into the cartilage of the voice box and through all the muscles of the anterior neck. The cut had come within a millimeter of cutting his jugular vein. A rational trier of fact could have found that appellant assaulted Melton by kicking him in the head and cutting him with a sharp

4

object. There was no charge error, and the jury's verdict was unanimous. We overrule appellant's third issue on appeal.

*Punishment Evidence*

*Prior Conviction.*

Appellant argues that the trial court erred in admitting his prior conviction for grand larceny[1] because his fingerprints were not on the order revoking probation. In Texas, a defendant's thumbprint or fingerprint must be on the judgment, the order revoking probation, or the docket sheet of the case. TEX. CODE CRIM. PROC. ANN. art. 38.33 (Vernon 2005). However, a judgment that does not contain a defendant's fingerprint is not void. *Sparkman v. State*, 55 S.W.3d 625, 629 (Tex. App.—Tyler 2000, no pet.). To prove that a defendant has been convicted of a prior offense, the State must show that a prior conviction exists and that the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). The State may prove both of these elements in a number of ways, including documentary proof that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id.*

In this case, appellant's conviction was from a Wyoming judgment. The State offered a judgment with appellant's name, fingerprint card, and picture. This was sufficient proof that appellant was convicted of a crime in Wyoming.

Furthermore, that conviction was not used to enhance appellant's punishment because the jury found not true on that enhancement paragraph. Therefore, appellant cannot show how he was harmed by the admission of that conviction. We overrule appellant's fourth issue on appeal.

*Evidence of Appellant's Tattoos.*

During the punishment phase of appellant's trial, Sheriff David Halliburton testified that appellant had a tattoo on each eyelid. The word "Lying" was on one, and "Eyes" on the other. Appellant objected to the testimony stating that it was not relevant. The trial court overruled the objection. The State mentioned the tattoos in its closing argument on punishment, arguing that they showed appellant's lack of respect for society.

---

[1] In appellant's issue, he states that the prior conviction of escape was erroneously admitted; however, in his argument, he refers to the conviction for grand larceny.

At the punishment phase of a criminal trial, evidence may be presented as to any matter that the court deems relevant to sentencing. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp. 2008). Appellant argues that his First Amendment constitutional right of free association was violated when the trial court allowed evidence of his tattoos. The First Amendment protects an individual's right to join groups and associate with others holding similar beliefs. *Dawson v. Delaware*, 503 U.S. 159, 161 (1992). However, the U.S. Constitution does not eliminate the admission of evidence concerning one's beliefs and associations at sentencing merely because those beliefs and associations are protected by the First Amendment. *Id.* at 165. Such evidence may be admissible if it is shown to be relevant to the issues involved in the case. *Id.* at 167; *Mason v. State*, 905 S.W.2d 570, 576 -77 (Tex. Crim. App. 1995). In *Dawson*, evidence of the defendant having the words "Aryan Brotherhood" tattooed on his hand was offered by the State. The Court held that, because there was no evidence that the Aryan Brotherhood was a white racist prison gang associated with violent escape attempts and murders of fellow inmates, the evidence of appellant's tattoo was not relevant. *Dawson*, 503 U.S. at 165.

This case differs from *Dawson* because appellant's First Amendment right of free association was not implicated since there was no evidence that he was in any type of group or gang. The tattoos were not used to show that appellant was associated with some group or gang but to show his disregard for the truth and his moral character. A person's tattoos can reflect his character and demonstrate a motive for his crime. *Conner v. State*, 67 S.W.3d 192, 201 (Tex. Crim. App. 2001). The trial court did not err in admitting evidence of appellant's tattoos. We overrule appellant's fifth issue on appeal.

*Closing Argument on Punishment*.

Appellant argues that the prosecutor's closing argument on punishment was improper. The prosecutor stated that in his seven years experience this was the first random violent crime in the community. Appellant objected, and the trial court sustained the objection. Appellant then asked for an instruction for the jury to disregard and for a motion for mistrial. The trial court instructed the jury to disregard the prosecutor's comment but denied the motion for mistrial. The prosecutor went on to argue:

> You get to decide, you get to decide what the community is going to tolerate.
> Because what you do tells me how significant you think this crime is. . . . And I use

6

what theses juries tell me in deciding what you all expect and what the community expects and what I should offer as a plea bargain in similar cases.

Appellant again objected, and the trial court sustained the objection and gave the jury an instruction to disregard the statement. Appellant asked for a mistrial, and the trial court denied the motion.

There are four areas of permissible jury argument: (1) summations of the evidence; (2) reasonable deductions from the evidence; (3) responses to the defendant's argument; and (4) pleas for law enforcement. *Rocha v. State*, 16 S.W.3d 1, 21 (Tex. Crim. App. 2000).

Here, the State's argument was a proper plea for law enforcement. The prosecutor asked the jury to inform him on the community's expectations. A reference that asks the jury to represent the community is a proper plea for law enforcement. *Rivera v. State*, 82 S.W.3d 64 (Tex. App.—San Antonio 2002, pet. ref'd). Further, appellant cannot show harm because the trial court gave a jury instruction to disregard. Even if it was an improper jury argument, the trial court cured the error by the instruction to disregard. *See Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995). We overrule appellant's sixth issue on appeal.

*Conclusion*

We affirm the trial court's judgment.


RICK STRANGE

JUSTICE


June 18, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.