Opinion filed June 18, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed June 18,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00167-CR 

                                                     __________

 

                                   MICHAEL
LEE WOOD, Appellant

                                                              

                                                             V.

 

                                     
STATE OF TEXAS, Appellee

 



 

                                              On
Appeal from 39th District Court

 

                                                         Haskell
County, Texas

 

                                                     Trial
Court Cause No. 6153

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

Michael
Lee Wood appeals from a jury conviction for aggravated assault with a deadly
weapon.  We affirm. 

Background
Facts








Appellant,
Marcie Flores, and Alfredo Flores followed Maria Christina Navarette to the
Time-Out Liquor Store in Haskell.  Marcie went into the store first.  Appellant
followed her.  While appellant and Marcie were in the liquor store, James Craig
Foster drove up to the drive-through window.  He saw appellant kicking Mickey
Melton, the clerk of the store, in the head.  Foster yelled out, and appellant
stopped kicking Melton and left the store.  Appellant=s shirt was covered in blood.  Melton suffered
serious injuries to his face, neck, and eye.  The police later stopped a
vehicle matching the description of the suspect vehicle.  Officer Donald
Matthew Cunningham identified the driver and front passenger as Marcie and
Alfredo Flores.  While Officer Cunningham was talking to Alfredo, appellant
exited the vehicle and fled on foot.  The next day, Chief of Police Thomas Paul
Bassett apprehended appellant walking down the street near Haskell City Hall.

Appellant
was charged with aggravated assault with a deadly weapon.  The indictment read
in pertinent part as follows:

MICHAEL LEE WOOD did
then and there intentionally and knowingly, and recklessly cause serious bodily
injury to Mickey Melton by kicking the said Mickey Melton about the head with
Defendant=s foot and
cutting the said Mickey Melton=s
neck with a sharp object, the exact type and nature of sharp object is unknown
to the Grand Jury at this time, and the Defendant did then and there use or
exhibit a deadly weapon, to-wit: a sharp object, the exact type and nature is
unknown at this time, that in the manner and means of its use was capable of
causing serious bodily injury or death, during the commission of said assault.

 

The indictment
also alleged two enhancements.  Appellant pleaded not guilty to the charge and
not true to the enhancement paragraphs.  The jury found appellant guilty of
aggravated assault with a deadly weapon and one of the enhancements to be true,
and it assessed his punishment at confinement for life in the Texas Department
of Criminal Justice, Institutional Division.  The trial court made an
affirmative finding that a deadly weapon was used or exhibited in the
commission of the offense.

Issues
on Appeal

Appellant
raises six issues on appeal.  Appellant challenges the sufficiency of the
evidence to prove that the sharp object used to cut the victim was unknown to
the grand jury, contends that the jury=s
verdict was not unanimous, and asserts that the trial court erred in allowing
evidence of his prior conviction for escape and of his tattoos during the
punishment phase.  Finally, appellant argues that the State=s closing argument at the
punishment phase was improper.

Sufficiency
of the Evidence








In
determining if the evidence was sufficient, we ask whether, after viewing the
evidence in the light most favorable to the verdict, any rational trier of fact
could find the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979).  The sufficiency of the evidence is
measured by the elements of the offense as defined by the hypothetically
correct jury charge for the case.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997).  A hypothetically correct charge is a charge that
accurately sets out the law, is authorized by the indictment, does not
unnecessarily restrict the State=s
theories of liability, and adequately describes the particular offense for
which the defendant was tried.  Id.  A nonessential element allegation,
such as an allegation that the object used to cause injury was unknown to the
grand jury, may properly be excluded from a hypothetically correct charge.   Richards
v. State, 54 S.W.3d 348, 350 (Tex. App.CHouston
[1st Dist.] 2001, pet. ref=d). 
When an indictment alleges that the manner and means of inflicting the injury
is unknown and the evidence at trial does not establish the type of weapon
used, a prima facie showing is made that the weapon was unknown to the grand
jury.  Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). 
However, if the evidence at trial shows what object was
used to inflict the injury, then the State must prove that the grand jury used
due diligence in attempting to ascertain the weapon used.  Id.

Appellant=s sufficiency argument is
twofold.  First, he argues that the evidence established what sharp object was
used to injure Melton; therefore, the evidence is insufficient because the
State failed to prove that the grand jury used due diligence to identify the
sharp object.  Appellant next argues that, because there was no evidence of the
grand jury=s due
diligence, the trial court erred in charging the jury on aggravated assault by
cutting Melton with a sharp object unknown to the grand jury.

The
evidence at trial did not establish what sharp object caused Melton=s injury.  Dr. Ted Dyer, a
head and neck surgeon who treated Melton in the emergency room, testified that
Melton=s eye had been
lacerated and his neck had been cut.  Dr. Dyer testified that Melton=s wounds could have been
caused by either a knife or the tops of broken bottles but that he did not know
for sure what object was used.  Dr. David James Isbrand testified regarding
Melton=s eye injury. 
He testified that the wound to Melton=s
eye could have been caused by a blow to the eye with a fist, a knife, or a
broken bottle.  Melton testified that appellant grabbed him from behind and hit
him over the head with what he believed to be a broken bottle.  Melton also
testified that he did not know if he was cut with a knife or a bottle but that
he thought it was a bottle.








The
evidence established that the means of inflicting Melton=s injuries was unknown. The testimony showed
that either a knife or a broken bottle could have caused Melton=s injuries.  Because the
evidence did not establish what type of sharp object was used to inflict the
injury, the State did not need to prove that the grand jury used due diligence
to ascertain the weapon used.  See Rosales, 4 S.W.3d at 231.  We
overrule appellant=s
first two issues on appeal.

Was
the Jury Verdict Unanimous 

Appellant
argues that the jury charge failed to require a unanimous verdict because the
jury could have found appellant guilty of aggravated assault with a deadly
weapon by either kicking Melton in the head or by cutting him with a sharp
object unknown to the grand jury.  Jury unanimity is required in all criminal
cases to ensure that all jurors reach a consensus on the same act for a
conviction.  Pizzo v. State, 235 S.W.3d 711, 714 (Tex. Crim. App.
2007).  Unanimity is required on the essential elements of the offense but is not violated when the jury has the
option of choosing between alternative modes of commission.  Id. at
715.  Different modes of committing an offense may be presented in a jury
instruction in the disjunctive even when the charging instrument alleged, in a
single count, the different means in the conjunctive.  Kitchens v. State,
823 S.W.2d 256, 258 (Tex. Crim. App. 1991).

In
this case, the charging instrument and the jury instruction alleged the
different means of committing the offense in the conjunctive.  This means that
the jury must have found appellant guilty on both modes of committing the
offense:  by kicking Melton in the head and by cutting him with a sharp object
unknown to the jury.








Appellant
argues that no rational trier of fact could have found that appellant cut
Melton with a sharp object unknown to the jury and kicked Melton in the head. 
We disagree.  Foster testified that he saw appellant kicking Melton in the
head.  Melton testified that appellant grabbed him from behind, cut him with a
broken bottle, pushed him on the ground, and kicked him in the head before he
lost consciousness.  The medical testimony established that the wounds to
Melton=s neck were
deep enough to cut into the cartilage of the voice box and through all the
muscles of the anterior neck.  The cut had come within a millimeter of cutting
his jugular vein.  A rational trier of fact could have found that appellant
assaulted Melton by kicking him in the head and cutting him with a sharp
object.  There was no charge error, and the jury=s
verdict was unanimous.  We overrule appellant=s
third issue on appeal.

Punishment
Evidence

Prior
Conviction.

Appellant
argues that the trial court erred in admitting his prior conviction for grand
larceny[1] because his
fingerprints were not on the order revoking probation.  In Texas, a defendant=s thumbprint or fingerprint
must be on the judgment, the order revoking probation, or the docket sheet of
the case.  Tex. Code Crim. Proc. Ann.
art. 38.33 (Vernon 2005).  However, a judgment that does not contain a
defendant=s
fingerprint is not void.  Sparkman v. State, 55 S.W.3d 625, 629 (Tex.
App.CTyler 2000, no
pet.).  To prove that a defendant has been convicted of a prior offense, the
State must show that a prior conviction exists and that the defendant is linked
to that conviction.  Flowers v. State, 220 S.W.3d 919, 921 (Tex. Crim.
App. 2007).  The State may prove both of these elements in a number of ways,
including documentary proof that contains sufficient information to establish
both the existence of a prior conviction and the defendant=s identity as the person
convicted.  Id.

In
this case, appellant=s
conviction was from a Wyoming judgment.  The State offered a judgment with
appellant=s name,
fingerprint card, and picture.  This was sufficient proof that appellant was
convicted of a crime in Wyoming.

Furthermore,
that conviction was not used to enhance appellant=s
punishment because the jury found not true on that enhancement paragraph. 
Therefore, appellant cannot show how he was harmed by the admission of that
conviction.  We overrule appellant=s
fourth issue on appeal.

Evidence
of Appellant=s
Tattoos.

During
the punishment phase of appellant=s
trial, Sheriff David Halliburton testified that appellant had a tattoo on each
eyelid.  The word ALying@ was on one, and AEyes@ on the other.  Appellant objected to the
testimony stating that it was not relevant.  The trial court overruled the
objection.  The State mentioned the tattoos in its closing argument on
punishment, arguing that they showed appellant=s
lack of respect for society.








At
the punishment phase of a criminal trial, evidence may be presented as to any
matter that the court deems relevant to sentencing.  Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1) (Vernon Supp.
2008).  Appellant argues that his First Amendment constitutional right of free
association was violated when the trial court allowed evidence of his tattoos. 
The First Amendment protects an individual=s
right to join groups and associate with others holding similar beliefs.  Dawson
v. Delaware, 503 U.S. 159, 161 (1992).  However, the U.S. Constitution does
not eliminate the admission of evidence concerning one=s beliefs and associations at sentencing
merely because those beliefs and associations are protected by the First
Amendment.  Id. at 165.  Such evidence may be admissible if it is shown
to be relevant to the issues involved in the case.  Id. at 167; Mason
v. State, 905 S.W.2d 570, 576 -77 (Tex. Crim. App. 1995).  In Dawson,
evidence of the defendant having the words AAryan
Brotherhood@ tattooed
on his hand was offered by the State.  The Court held that, because there was
no evidence that the Aryan Brotherhood was a white racist prison gang
associated with violent escape attempts and murders of fellow inmates, the
evidence of appellant=s
tattoo was not relevant.  Dawson, 503 U.S. at 165.

This
case differs from Dawson because appellant=s
First Amendment right of free association was not implicated since there was no
evidence that he was in any type of group or gang. The tattoos were not used to
show that appellant was associated with some group or gang but to show his
disregard for the truth and his moral character.  A person=s tattoos can reflect his
character and demonstrate a motive for his crime.  Conner v. State, 67
S.W.3d 192, 201 (Tex. Crim. App. 2001).  The trial court did not err in
admitting evidence of appellant=s
tattoos.  We overrule appellant=s
fifth issue on appeal.

Closing
Argument on Punishment.

Appellant
argues that the prosecutor=s
closing argument on punishment was improper.  The prosecutor stated that in his
seven years experience this was the first random violent crime in the
community.  Appellant objected, and the trial court sustained the objection. 
Appellant then asked for an instruction for the jury to disregard and for a
motion for mistrial.  The trial court instructed the jury to disregard the
prosecutor=s comment
but denied the motion for mistrial.  The prosecutor went on to argue:








You
get to decide, you get to decide what the community is going to tolerate. 
Because what you do tells me how significant you think this crime is. . . . 
And I use what theses juries tell me in deciding what you all expect and what
the community expects and what I should offer as a plea bargain in similar
cases.

 

Appellant again
objected, and the trial court sustained the objection and gave the jury an
instruction to disregard the statement.  Appellant asked for a mistrial, and
the trial court denied the motion.

There
are four areas of permissible jury argument: (1) summations of the evidence;
(2) reasonable deductions from the evidence; (3) responses to the
defendant=s argument;
and (4) pleas for law enforcement.  Rocha v. State, 16 S.W.3d 1, 21
(Tex. Crim. App. 2000).

Here,
the State=s argument
was a proper plea for law enforcement.  The prosecutor asked the jury to inform
him on the community=s
expectations.  A reference that asks the jury to represent the community is a
proper plea for law enforcement.  Rivera v. State, 82 S.W.3d 64 (Tex.
App.CSan Antonio
2002, pet. ref=d). 
Further, appellant cannot show harm because the trial court gave a jury
instruction to disregard.  Even if it was an improper jury argument, the trial
court cured the error by the instruction to disregard.  See Dinkins v. State,
894 S.W.2d 330, 357 (Tex. Crim. App. 1995).  We overrule appellant=s sixth issue on appeal.

Conclusion

We
affirm the trial court=s
judgment.

 

 

RICK STRANGE

JUSTICE

 

June 18, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]In appellant=s
issue, he states that the prior conviction of escape was erroneously admitted;
however, in his argument, he refers to the conviction for grand larceny.