

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00068-CR

_____

THEODORA LEE MCALISTER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. F14447

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

## I.      Background

A jury found that Theodora Lee McAlister and her husband robbed James Odell Mitchell at his home by hitting him in the head with an object and then taking his wallet, which contained $306.00, and his pistol.  After a jury trial, McAlister was found guilty of aggravated robbery, sentenced to thirty years' imprisonment, and fined $7,500.00.

McAlister contends that the evidence is insufficient to support her conviction.  First, McAlister alleges that a fatal variance exists between the indictment and the evidence because the indictment alleged that McAlister struck Mitchell on the head with an "unknown object," while the evidence showed that she struck Mitchell with a pistol.  Further, McAlister claims that the evidence is insufficient to show (1) that the grand jury was unaware of the object that struck Mitchell and (2) that the grand jury used due diligence to ascertain the identity of the specific object.

We affirm the trial court's judgment.

## II.      Sufficiency of the Evidence

### A.      Variance

In her first point of error, McAlister argues that there is a fatal variance between the indictment and the evidence at trial because the indictment alleges that she struck Mitchell with an "unknown object" while the evidence established that she struck him with his own pistol.

A variance between the wording of the indictment and the evidence presented is fatal only if it is material and also prejudices the defendant's substantial rights.  *Gollihar v. State*, 46

S.W.3d 243, 246 (Tex. Crim. App. 2001). Arguing that a fatal variance exists between the allegation and proof is an attack on the sufficiency of the evidence. *Id.* at 247. "The widely-accepted rule, regardless of whether viewing variance as a sufficiency of the evidence problem or as a notice-related problem, is that a variance that is not prejudicial to a defendant's 'substantial rights' is immaterial." *Id.* at 247–48. In determining if the defendant's substantial rights have been prejudiced, we must consider whether the indictment, as written, informed the defendant of the charge against her sufficiently to allow her to prepare an adequate defense at trial and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime. *Id.*; *see In re S.C.*, 229 S.W.3d 837, 841 (Tex. App.—Texarkana 2007, pet. denied); *Brown v. State*, 159 S.W.3d 703, 709 (Tex. App.—Texarkana 2004, pet. ref'd).

> Here, the indictment alleged that McAlister
>
> did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause bodily injury to JAMES ODELL MITCHELL a person 65 years of age or older, by striking James Odell Mitchell on the head with an unknown object . . . .

Even though Mitchell was hit from behind, he believed the assailants used his own pistol in the attack.

The sufficiency of the evidence is measured solely by the elements of the offense as defined by the hypothetically correct jury charge. *Sanchez v. State*, 376 S.W.3d 767, 772 (Tex. Crim. App. 2012); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). There is no contention that the indictment failed to provide McAlister with proper notice of the criminal

3

charge or that prosecution under the indictment would subject McAlister to later prosecution for the same incident. Consequently, the alleged variance does not affect McAlister's substantial rights and, therefore, is immaterial; it may be properly excluded from the hypothetically correct jury charge. Therefore, a failure to prove that the object was unknown does not render the evidence insufficient. *See Gollihar*, 46 S.W.3d at 256; *Rosales v. State*, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999); *Carson v. State*, 422 S.W.3d 733, 744 (Tex. App.—Texarkana 2013, pet. ref'd). We overrule this point of error.

### B. Knowledge and Diligence of Grand Jury

McAlister also argues the evidence is insufficient to show that (a) the grand jury did not know what object McAlister used to strike Mitchell, and (b) the grand jury used due diligence to ascertain the object actually used to strike Mitchell.

These points of error are based on the *Hicks* Rule from *Hicks v. State*, 860 S.W.2d 419 (Tex. Crim. App. 1993). In *Hicks*, the Texas Court of Criminal Appeals stated,

> When an indictment alleges that the manner or means of inflicting the injury is unknown and the evidence at trial does not establish the type of weapon used, a prima facie showing is made that the weapon was unknown to the grand jury. . . . However, if the evidence at trial shows what object was used to inflict the injury, then the State must prove that the grand jury used due diligence in attempting to ascertain the weapon used.

*Id.* at 424 (citation omitted).

The holding in *Hicks* was based on the principle that sufficiency of the evidence is measured by the specific wording of the indictment—the State has to prove all the allegations contained in the indictment. That principle is no longer sound. In *Malik*, the Texas Court of Criminal Appeals held that sufficiency of the evidence is to be measured solely by the elements

4

of the offense as defined by the hypothetically correct jury charge. *Malik*, 953 S.W.2d at 240; *see Sanchez v. State*, 376 S.W.3d 767, 772 (Tex. Crim. App. 2012). The court in *Sanchez* held that *Malik* rendered the *Hicks* Rule defunct and expressly overruled *Hicks*. *Sanchez*, 376 S.W.3d at 772; *see Fagan v. State*, 89 S.W.3d 245, 249 (Tex. App.—Texarkana 2002 pet. ref'd) ("The Texas Court of Criminal Appeals has expressly disavowed the 'due diligence' rule set out in Hicks.") Since sufficiency of the evidence is now tested against the essential elements of the offense as defined by a hypothetically correct jury charge, the rationale for requiring evidence to correspond precisely to the indictment is obsolete. Accordingly, we overrule this point of error.

We affirm the trial court's judgment.


Jack Carter
Justice


Date Submitted: July 24, 2014
Date Decided: July 30, 2014

Do Not Publish